UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJUAN JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DUNHAM, et al.,<br><br>    Defendants. | No. 2:10-cv-3378-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. A pretrial order has issued setting the case for trial beginning November 2, 2015. ECF No. 67. Plaintiff has submitted two filings in which he states, among other things, that he has been transferred to the California Health Care Facility in Stockton, California ("CHCF") temporarily for mental health treatment and, while there, is being denied his legal materials as well as access to a law library. ECF Nos. 68, 69.

According to plaintiff, his legal materials have been retained by his normal institution of incarceration, to which plaintiff will return only when deemed clear by mental health staff at CHCF. ECF No. 69 at 1. He asks for an extension of time, appointment of a neutral expert, another settlement conference, and an order directing prison officials to provide him his legal materials and law library access.[1] ECF Nos. 68, 69.

---

[1] In the heading of one of his filings, plaintiff also lists "objection to pretrial order." ECF No. 69. The body of that filing contains no actual objection to the content of the pretrial order, however.

1

1    The only current deadlines in the case set in the pretrial order that remain pending are the
2 November 2, 2015 trial date and the material which must be submitted two weeks prior to that
3 date. ECF No. 67. These deadlines remain many months in the future and it is not clear that an
4 extension of those deadlines is currently warranted. Accordingly, plaintiff's request for an
5 extension of time is denied without prejudice.

6    As to plaintiff's brief request that the court appoint a neutral expert under Federal Rule of
7 Evidence 706, plaintiff fails to identify the type of expert needed or explain how appointment of
8 the expert will promote accurate factfinding in this case. *Gorton v. Todd*, 793 F. Supp. 2d 1171,
9 1179 (E.D. Cal. 2011) ("Ultimately, the most important question a court must consider when
10 deciding whether to appoint a neutral expert is whether doing so will promote accurate
11 factfinding."). Plaintiff simply states that "expert opinion will almost always be necessary to
12 establish the necessary level of deliberate indifference." ECF No. 69 at 1-2. The court will deny
13 the request without prejudice. Plaintiff may again move the court for appointment of an expert
14 under Rule 706 by a properly-briefed motion explaining the type of expert requested and how that
15 expert will promote accurate factfinding in this case.

16    As for a settlement conference, the court has reviewed the parties' settlement statements
17 and determined that a settlement conference would not be fruitful.

18    Lastly, regarding plaintiff's claims that he has no access to his legal materials or a law
19 library, the court will direct defense counsel to inquire into the status of plaintiff's legal materials
20 and law library access and report back to the court.

21    Accordingly, it is hereby ORDERED that:
22    1. Plaintiff's motion for an extension of time (ECF No. 69) is denied without prejudice;
23    2. Plaintiff's motion for appointment of a neutral expert (ECF No. 69) is denied without
24       prejudice;
25    3. Plaintiff's request for a settlement conference is denied;
26    4. In light of the November 2, 2015 trial date, within 21 days of the date of this order,
27       defense counsel shall inquire into the status of plaintiff's access to his legal materials
28       and to a law library and to the estimated length of plaintiff's residence at CHCF; and

2

5. The Clerk of Court is directed to serve this order on plaintiff at both his address of record as well as at his temporary residence:

    Dajuan Jackson - P27305
    P.O. Box 32050
    Stockton, CA 95213.

DATED: February 17, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE