UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJUAN JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>DUNHAM, et al.,<br><br>    Defendants. | No. 2:10-cv-3378-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. A pretrial order has issued and the case is set for trial beginning April 18, 2016. ECF Nos. 67, 73. In late 2014, plaintiff submitted two filings in which he stated, among other things, that he had been transferred to the California Health Care Facility in Stockton, California ("CHCF") temporarily for mental health treatment and, while there, was being denied his legal materials as well as access to a law library. ECF Nos. 68, 69. He asked the court to issue an order compelling prison officials to provide him with his legal materials and law library access. *Id.* In response, the court asked defense counsel to inquire into the status of plaintiff's access to his legal materials and a law library. ECF No. 70. Defendants have submitted a response. ECF No. 71.

   According to defendants, plaintiff was returned to Lancaster State Prison from CHCF in mid-January 2015 and placed in the prison's Administrative Segregation unit ("Ad-Seg"), where

1

1  he was allowed to possess legal materials and could access library materials through a paging
2  system. *Id.* at 2. From February 20, 2015 through March 4, 2015, plaintiff was housed in
3  Lancaster's Mental Health Crisis Unit without access to his legal materials or the library. *Id.*
4  When he was returned to Ad-Seg on March 4th, his legal materials had not yet been returned to
5  him, but it was anticipated that they would be returned by March 11, 2015. *Id.*

6  Plaintiff's request for an order compelling prison officials to provide him with his legal
7  materials and access to the law library does not implicate the conduct (or speculated future
8  conduct) of any defendant or involve the allegations in this action and thus is not a request for an
9  injunction in the traditional sense. Rather, plaintiff seeks an order compelling non-parties (CDCR
10 authorities presiding over plaintiff's property and law library access) to take a course of action
11 plaintiff believes will be necessary for the fair litigation of this case. Such a request is more
12 correctly viewed as a request for an interlocutory order that the court is authorized to issue under
13 the All Writs Act, 28 U.S.C. § 1651. *See, generally, Fitzpatrick v. California City*, No. 1:96-CV-
14 5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at *15-16 (E.D. Cal. May 16, 2014).

15 The All Writs Act gives federal courts the authority to issue "all writs necessary or
16 appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of
17 law." 28 U.S.C. 1651(a). It is meant to aid the court in the exercise and preservation of its
18 jurisdiction. *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). The
19 United States Supreme Court has authorized the use of the All Writs Act in appropriate
20 circumstances against persons who, "though not parties to the original action or engaged in
21 wrongdoing, are in a position to frustrate the implementation of a court order or the proper
22 administration of justice." *United States v. New York Telephone Co*., 434 U.S. 159, 174 (1977).
23 To obtain an order under the All Writs Act, the requested order must be "necessary." This
24 language requires that the relief requested is not available through some alternative means.
25 *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

26 It appears from defense counsel's response that plaintiff has received his legal materials
27 and has some level of law library access, and thus it is not currently "necessary" to issue the order
28 plaintiff requests. If plaintiff finds that he is being deprived of either his materials or the level of

1  library access he needs to litigate effectively, he may again file a motion seeking a court order to
2  obtain his materials and library access.
3     Accordingly, it is hereby RECOMMENDED that plaintiff's requests for an order
4  compelling prison officials to provide him with his legal materials and access to a law library (in
5  ECF Nos. 68 and 69) be denied without prejudice.
6     These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 DATED:  October 20, 2015.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE